## Andrew J. Reese et al.

### v.

## The People.

1. Scire Fácias—Variance.—Where a person indicted for selling liquor in quantities *less* than one gallon entered into a recognizance to appear and answer to an indictment for selling liquor in quantities *larger* than one gallon, a *scire facias* upon such recognizance alleging that by "larger quantity" was meant "less quantity" is insufficient.

2. Scire Facias must show order of court—A *scire facias* that fails to show that the recognizance was taken by virtue of an order of court is insufficient.

Error to the County Court of Union county; the Hon. Thomas Heilman, Judge, presiding. Opinion filed September 29, 1882.

Messrs. Day & Grear, for plaintiffs in error.

Mr. D. W. Karraker, for defendant in error; that a *scire facias* may be amended, cited Connor v. The People, 20 Ill. 382; Graves v. The People, 11 Ill. 542.

A variance between the *scire facias* and the record can not

Reese v. The People.

be taken advantage of by general demurrer: Farris v. The People, 58 Ill. 28.

CASEY, J. At the March term of the Circuit Court of Union county, Andrew J. Reese was indicted for selling intoxicating liquor by a less quantity than one gallon. On the 18th of April, 1881, Reese, with Guthrie as surety, entered into recognizance in the sum of one hundred dollars for his appearance at the next term of the county court, "to answer an indictment which was preferred against him, etc., for and concerning the crime of selling liquor in a larger quantity than one gallon." At the November term, 1881, of the said county court, the defendant Reese failed to appear, and forfeiture of his recognizance was taken and a *scire facias* ordered by the court. A *scire facias* was issued returnable at the May term of the court, A. D. 1882, and duly served. The defendants appeared and filed a plea of *nul tiel record*. Whereupon the attorney for the people obtained leave to amend the *scire facias* by alleging that in the recognizance the said offense is described as the crime of selling liquor in a larger quantity than a gallon, meaning thereby the crime of selling liquor in a less quantity than one gallon. Defendants withdrew their plea and filed a demurrer to the amended *scire facias*. The demurrer was overruled by the court. Defendants elected to stand by their demurrer; a default and judgment was taken against the defendants. The case is brought to this court by a writ of error. The indictment in this cause was against Reese for selling liquor by a less quantity than one gallon. The recognizance, when taken by the sheriff, required Reese to appear and answer to the charge of selling liquor by a larger quantity than one gallon. The recognizance was filed in the office of the clerk of the county court by the sheriff and thereby became a matter of record. It does not describe the offense set forth in the indictment, and it is attempted to avoid this error by reciting that by "larger quantity," etc., was meant "less quantity." This we think can not be done.

The *scire facias* in other respects is insufficient. It shows the return of the indictment into the circuit court at its March term, 1881, and that it was certified to the county court

for process and trial at the same term of the circuit court. The *scire facias* further shows that the defendant Reese was. held to bail in the sum of one hundred dollars, by virtue of an order of the county court made at the November term thereof, A. D. 1881, and that a forfeiture of the recognizance was taken at that term of the county court upon a bond entered into on the 18th of April, 1881. There is nothing whatever in the *scire facias* to show that the recognizance, a forfeiture of which seems to have been entered, was taken by virtue of an order of the circuit or county court. And as before stated, it does not show any offense for the commission of which Reese was indicted. We think that the court erred in not sustaining the demurrer to the *scire facias*. Therefore the judgment of the county court is reversed and the cause remanded.

Reversed and remanded.